## National Rolling Mill Company, Appellee, v. Max Rubenstein, Appellant.

CORPORATIONS—*what not "doing business in this state."* Held, that there was no evidence showing that the corporation in question in this case did "business in this state" contrary to the statute.

*Assumpsit.* Appeal from the Circuit Court of Madison county; the Hon. R. D. W. HOLDER, Judge, presiding. Heard in this court at the August term, 1908. Affirmed. Opinion filed March 4, 1909.

JOHN J. BRENHOLT, for appellant.

LEVI DAVIS, for appellee.

MR. PRESIDING JUSTICE MYERS delivered the opinion of the court.

Appellee brought suit against appellant in an action of *assumpsit* on the common counts to recover for two carloads of iron sold by appellee to appellant and delivered according to contract. The defendant filed a plea of general issue and one special plea, averring that plaintiff was a foreign corporation not authorized to transact business in the State of Illinois. The case was tried by the court without a jury. The court's finding was in favor of the plaintiff for the sum of $2,053.47, upon which judgment was rendered and the defendant appealed.

It appears in evidence that appellant, of East St. Louis, Illinois, ordered of appellee (a corporation) of Vincennes, Indiana, two carloads of bar iron to be delivered to Morris & Lewis at Rock Island, Illinois, for which appellant agreed to pay $1.80 per hundred pounds. At the time of making the order it seems that appellee was indebted to appellant in the sum of about $3,000. Before the two cars of iron were shipped to Morris & Lewis, one Finkelstein, a creditor of appellant, brought suit in attachment, in the court at Vincennes, to recover a claimed indebtedness, and garnisheed the appellee. Appellant was duly notified of the garnishee proceedings but defaulted; whereupon judgment was rendered against appellee on answer for the balance due from appellee to appellant, which judgment appellee paid.

The iron was duly shipped and delivered by appellee to Morris & Lewis, according to agreement with appellant. It is contended that appellee's indebtedness to appellant at the time of the order should be reckoned and regarded as a payment in advance for the iron purchased, and that appellee is not to be allowed for the sum paid on garnishee judgment in favor of Finkelstein. This contention cannot avail, for the simple reason, that no such arrangement was provided in the contract between appellant and appellee, and we find

nothing in the evidence to suggest that such was the understanding of either of the parties to the contract. When served with garnishee summons, appellee had not filed the order or delivered the iron sold and, therefore, had no claim to offset Finkelstein's claim in the garnishee proceedings. Appellee could not have answered truly that it was not then indebted to appellant, and payment of the judgment must therefore be regarded as conclusive of that contention here.

It is not shown by the evidence that appellee was "doing business in this state" within the meaning of statutory restrictions, invoked by appellant in bar of the action. This controversy grows out of an Indiana transaction. The contract was made in Indiana and the iron was sold and delivered in that state. The delivery to the carrier in shipment was a delivery to Morris & Lewis according to the order made by appellant. There was no violation of Illinois law. Havens and Geddes Co. v. Diamond et al., 93 Ill. App. 557; Black-Clawson Co. v. Carlyle Paper Co., 133 Ill. App. 61. The trial court's finding of the facts is fully justified by the evidence, and no substantial error being pointed out in argument, the judgment will be affirmed.

*Affirmed.*